IN THE FEDERAL COURT FOR THE STATE OF ALABAMA

ANGELA DENISE NAILS,

        Plaintiff,           Case Number 1:07-CV-437-WHA

Vs.

MARCUSE STEENSLAN,
DEENY HOLLAWAY,
LAWSON LITTLE,

        Defendant(s),

RECEIVED 2007 MAY 17 A
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## LIFE ENDAGERMENT AFTER MEDICAL EXAM

(1) The plaintiff is addressing the Federal Court referencing a case against the above defendants. The defendants are subject to the Federal Jurisdiction Article III Section 2a Consitional law. As well the Subject matter question controversy of damages in the amount of $6,000.000.00 million dollars each against them. And as well all the plaintiff can not claim Immunity for themselves based on Federal Rule 42 USC 1983. Because the public officials did act against the plaintiff in bad faith and good faith Federal Rule will not apply to the defendants in the suite. Alabama code 1975 Immunity dose not allow the defendants to be Immunity if a criminal action takes place in a civil suite of action which can lead a plaintiff to be entitle to with a plaintiff complaint. The plaintiff is asking for due process base on the complaint itself. On January 9, 2007 the plaintiff was damaged when going infront of Marcus Steensland as he is a district court judge. The defendant allowed the plaintiff to suffer injuries that are damaging to the

plaintiff feet and legs bowing up with welts and swelling. And as will the plaintiff is short of breath due to the over whelming response of the defendant attiutted of life and leam without have any were to dwell from March 19, 2007 until the present. Denney Holloway and his response that the plaintiff suffer to beg for the plaintiff life and causing the plaintiff to be handicap, because of the medical prombles incurred form the defendant not taking the responsibility of the District court Circuit court rules to allow the defendant to appeal her case from the District court to the Circuit court the defendant who is the plaintiff now in this complaint. Has the right to an appeal form District court to the Circuit court Rule 37 the case before the Court Judge Denny Holloway. Eight motions requesting that order for supersede bond be return to the plaintiff from the Houston County Sheriff has in a safe to be release form the Houston County Sheriff but form any of the motions the defendant sent forward to order the Sheriff office to release Denny Holloway denied the motions stating that the defendant in the case is not to be allowed to write any motions. The information was docket from the Houston county clerk office and mail to the defendant. The plaintiff who was the defendant in a pass case on March 19, 20007 has become very ill and has to be stabilized with medications an death threats for the plaintiff life because of the medical issues never occurred before the time the defendants to include Lawson Little who is the Chief Judge for all the Houston County Judges kept the appeal fees and Jury trail fees and the supersede money in the hands of the city/county. This leaving the plaintiff homeless for more than 60 days, living out of a passenger SUV. The plaintiff is slowing having to contend with medical promble issues because $1,000.00 superseded money has never

been return back the medical problem continue to advance.  And all the defendant have played against rule 4-1-99 Official Misconduct.

(2) Rule 4-1-46 of the Criminal Offenses Code.  Federal Rule 26(a)(2).  The defendant Marcus Stensland knowingly knows actual knowledge of the fact in question. Alabama rule 0-4-450. App.765,991 P.2d 107 (2000) holding the criminal harassment.  State v. Will imams, 98 Wn. App 766, 774, 991 P2d 107 (2000).  First and Second Criminal harassment.  As well RCW 9A, 46.020(1) (a) (iv) reasonable fear that the threat will be carried out.  Hill, 482 U.S. at 461 placed in reasonable fear of substantial harm to him or her physical or mental health.  This defendant cause the plaintiff to be put in the Houston County Jail for eight while waiting to see the defendant for release.  Because the plaintiff wrote to the defendant a letter to ask for a personal protection order be removed for someone that was harassing the plaintiff and would not leave the plaintiff alone.  After three months has pass the plaintiff wrote the letter with the request to have the protection order removed.  The defendant requested that the plaintiff be put in jail for the letter to remove a personal protection order form the person who was no longer bothering the plaintiff.  The court rule is that any person can write a response to a Judge to request that a personal protection order be removed form someone without having to suffer for the request State of Alabama rule 02-1009(e) and OFP How Do I Change, Extend, or Dismiss and Order For Protection?

_Angela Denise Nails_
ANGELA DENISE NAILS

PROSE ATTORNEY

Case 1:07-cv-00437-WHA-TFM    Document 1    Filed 05/17/2007    Page 4 of 5

Denise Nails
P.O. Box 833
Dothan, AL 36301

Federal Court
P.O. Box 711
Montgomery, AL 36301



