IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, )<br>)<br>Plaintiff, )<br>) | Civil Action No. 1:07-cv-437-WHA |
| v. )<br>) | |
| MARCUSE STEENSLAND, *et al.* )<br>) | |
| Defendants. ) | |

# ORDER

It is hereby ORDERED that the referral of this case to the Magistrate Judge is WITHDRAWN.

After a review of the Complaint, the court has determined that this case should be dismissed without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

## I. PARTIES

Plaintiff, Angela Denise Nails ("Nails" or "Plaintiff"), is a resident of Dothan, Alabama, within the Middle District of Alabama.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Maurice John Steensland[2] ("Judge Steensland") is a district judge for Houston County in Dothan, Alabama, within the Middle District of Alabama.

Denny Holloway[3] ("Judge Holloway") is a circuit judge for the 20th Judicial Circuit in Dothan, Alabama, within the Middle District of Alabama.

Charles Lawson Little ("Judge Little") is a circuit judge for the 20th Judicial Circuit in Dothan, Alabama, within the Middle District of Alabama.

## II. COMPLAINT

Plaintiff filed this complaint - neither sworn nor notarized - on May 17, 2007. In the "Complaint," Plaintiff Angela Denise Nails states her legal claim as follows:[4]

> "The plaintiff is addressing the Federal Court referencing a case against the above defendants. The defendants are subject to the Federal Jurisdiction Article III Section 2a Consitional law. As well the Subject matter question controversy of damages in the amount of $6,00.00.00 million dollars against each of them. And as well all the plaintiff can not claim Immunity for themselves based on Federal Rule 42 USC 1983. Because the public officials did act against the plaintiff in bad fath and good faith Federal Rule will not apply to the defendants in the suite. Alabama Code 1975 Immunity dose not allow the defendants to be Immunity if a criminal action takes place in a civil suite of action which can lead a plaintiff to be entitle to with a plaintiff complaint. The plaintiff is asking for due process base on the complaint itself. On January 9, 2007 the plaintiff was damaged when going infront of Marcus Steensland as he is a district judge. The defendant allowed the plaintiff to suffer injuries that are damaging to the plaintiff feet and legs bowing up with welts and swelling. And as will the plaintiff short of breath due to the over whelming response of the defendant attuitted of

---

[2] Improperly named as Marcuse Steenslan.

[3] Incorrectly named Deeny Hollaway.

[4] Plaintiff's claims are recited verbatim including spelling and typographical errors.

life and leam without have any were to dwell from March 19, 2007 until present.  Denney Holloway and his response that the plaintiff suffer to beg for the plaintiff life and causing the plaintiff to be handicap, because of the medical prombles incurred form the defendant not taking the responsibility of the District court Circuit court rules to allow the defendant to appeal her case from the District court to the Circuit court the defendant who is the plaintiff now in this complaint.  Has the right to an appeal form District court to the Circuit court Rule 37 the case before the Court Judge Denny Holloway.  Eight motions requesting that order for supersede bond be return to the plaintiff from the Houston County Sheriff has in a safe to be release form the Houston County Sheriff but form any of the motions the defendant sent forward to order the Sheriff office to release Denny Holloway denied the motions stating that the defendant in the case is not to be allowed to write any motions.  The information was docket from the Houston county clerk office and mail to the defendant.  The plaintiff who was the defendant in a pass case on March 19, 20007 has become very ill and has to be stabilized with medications an death threats for the plaintiff life because of the medical issues never occurred before the time the defendants to include Lawson Little who is the Chief Judge for all the Houston County Judges kept the appeal fees and Jury trail fees and the supersede money in the hands of the city/county.  This leaving the plaintiff homeless for more than 60 days, living out of a passenger SUV.  The plaintiff is slowing having to contend with medical promble issues because the $1,000.00 superseded money has never been return back the medical problem continue to advance.  And all the defendant have played against rule 4-1-99 Official Misconduct.

(2) Rule 4-1-46 of the Criminal Offenses Code.  Federal Rule 26(a)(2). The defendant Marcus Stensland knowingly knows actual knowledge of the fact in question.  Alabama rule 0-4-450. App.765,991 P.2d 107 (2000) holding the criminal harassment.  State v. Will imams, 98 Wn. App 766, 991 P2d 107 (2000).  First and Second Criminal harassment.  As well RCW 9A, 46.020(1) (a) (iv) reasonable fear that the threat will be carried out.  Hill, 482 U.S. at 461 placed in reasonable fear of substantial harm to him or her physical or mental health.  This defendant cause the plaintiff to be put in the Houston County jail for eight while waiting to see the defendant for release.  Because the plaintiff wrote to the defendant a letter to ask for a personal protection order be removed for someone that was harassing the plaintiff and would not leave the plaintiff alone.  After three months has pass the plaintiff wrote the letter with the request to have the protection order removed.  The defendant requested that the plaintiff be put in jail for the

>letter to remove a personal protection order form the person who was no longer bothering the plaintiff. The court rule is that any person can write a response to a Judge to request that a personal protection order be removed form someone without having to suffer for the request State of Alabama rule 02-1009(e) and OFP How Do I Change, Extend, or Dismiss and Order For Protection?"

The gist of these allegations - as best can be discerned from verbiage which lacks clarity, to be charitable - is a 42 U.S.C. § 1983 complaint that Defendants wrongfully subjected Plaintiff to unlawful detention and somehow caused Plaintiff physical injuries as a result of her appearances before them.

### III. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). At

any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[5]

The affidavit attached to the complaint filed by Nails satisfies, on its face, the economic eligibility criteria of § 1915(a)(1), and therefore the Magistrate Judge allowed the complaint to be filed without prepayment of fees. However, the court is of the view that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii). All three defendants are entitled to absolute immunity from suit under 42 U.S.C. § 1983. *See Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). The Court should not question whether incarceration was appropriate, but rather whether incarceration is a judicial activity. *Id*. at 1071. It is clear Defendants' actions in the criminal proceedings against Plaintiff and subsequent appeals are judicial acts. As one acting in his judicial capacity, each judge is entitled to judicial immunity. *Id*. As such, Plaintiff's claims are due dismissal before service on the defendants under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### IV. PRIVILEGE OF FILING AN *IN FORMA PAUPERIS* ACTION IN FEDERAL COURT

Since March 17, 2006, Plaintiff Angela Denise Nails has filed twenty-four (24) separate lawsuits in this court pursuant to 28 U.S.C. § 1915 charging a variety of defendants with spurious claims most frequently seen in state court litigation. Apparently undeterred by the notice provided in each case regarding the limited jurisdiction of federal courts, the glaring deficiencies of her lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Nails filed this and one other action on May 17, 2007.[6]

---

[6] *See Nails v. Eastgate Inn*. Civil Action No. 1:07-cv-438-MHT-TFM. Judge Thompson issued an Opinion and Judgment dismissing the claim under 28 U.S.C. § 1915(e)(2)(B).

Nails is advised, as this court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy.  Frivolous or malicious lawsuits against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

***This court also deems it appropriate now to advise Nails that pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

## V. CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1)    Plaintiff's claims against Defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (ii) as they are entitled to absolute judicial immunity; and

(2)    The case is DISMISSED without prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

DONE this 25th day of May, 2007.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE